# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD BURTON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-14-3788 |
| COMMISSIONER OF CORRECTIONS and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## **MEMORANDUM**

The above-captioned petition for writ of habeas corpus was filed December 4, 2014. Petitioner seeks relief under 28 U.S.C. §2254 based on claims that he is being detained in violation of state laws. ECF 1. Specifically, petitioner claims he has been incarcerated at the Baltimore City Detention Center in excess of 180 days but has not yet stood trial on criminal charges pending in the Circuit Court for Baltimore City. *Id*. He further asserts the length of the delay in receiving a trial violates Maryland law and that he is entitled to a mistrial. *Id*.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. In the instant case, petitioner has not yet stood trial; therefore, the claims asserted have not yet been considered by the state court. Additionally, this court has no jurisdiction to issue mandamus relief requiring a state court to rule in a

specified manner. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. A separate Order will issue.

DATED this 8th day of December, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge